UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-208-FDW

| | |
|---|---|
| JOSHUA LEE BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DAVID CARPENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). He is proceeding *in forma pauperis*. (Doc. Nos. 6, 10).

I. BACKGROUND

*Pro se* Plaintiff is currently incarcerated at the Tabor Correctional Institution and complains about events that occurred while he was a pretrial detainee at the Lincoln County Jail. He names as Defendants Sheriff David Carpenter and Officer FNU Neal. He alleges that the Defendants are both "legally responsible for the operation and the welfare of all inmates of that jail." (Doc. No. 1 at 2).

Construing the allegations liberally and accepting them as true, Plaintiff was sitting in the Jail dayroom on September 23, 2016, when another inmate, Joshua McRavion, came up behind him and stabbed him several times in his neck, back of the head, shoulder, and back. He turned to defend himself and was cut on his face a few times, very close to his left eye. Officers responded within a few minutes and took him to the nurse's station where Nurse Judy Humphries treated him. Captain Tim Johnson took photographs of Plaintiff's injuries. Officer Stephens saw inmate McRavion throw something in the trash and retrieved and orange spoon that was sharpened down

1

into a weapon that inmate McRavion had used to stab Plaintiff. McRavion was charged with assault with a dangerous weapon with intent to kill and was found guilty.

Sheriff Carpenter and his officers including Officer Neal and Sergeant Lingerfelt neglected to properly count spoons on September 23, 2016. The Jail has a rule that officers count all eating utensils before letting anyone out of their cells. If a spoon, tray, or cup is missing during utensil count, the cells go on lockdown until the missing item is discovered. If the item is not found, the cells are kept on lockdown until officers can search the cells.

"Officers" did not count the spoons and, even if they did, someone mis-counted and therefore failed to protect Plaintiff from attack by another inmate. (Doc. No. 1 at 6). Officers knew there was a substantial risk of harm in not counting the spoons or in failing to double-check other officers' count. Officers knew that neglecting this job could have serious consequences. Plaintiff could have been killed if he had not taken a self-defense class, was stabbed multiple times, and could have lost his left eye.

After the attack, Plaintiff developed sharp pains to his neck and right hand and was unable to move his head fully in all directions. Plaintiff now takes pain medication and receives physical therapy to deal with his injuries. He has trouble sleeping, does not have full movement in his neck, and is unable to engage in daily activities like sports, climbing stairs, or lifting more than 25 pounds. He has Post Traumatic Stress Disorder, nightmares, and sleeplessness for which he sees a psychologist and takes two medications. Plaintiff worries every day about being attacked in prison because inmate McRavion is a known "Crip" gang member and there are Crips everywhere in prison. It is a "matter of time" that Plaintiff will be attacked again or killed as long as he stays in prison. (Doc. No. 1 at 10). Plaintiff has placed himself in protective custody to prevent harm.

Plaintiff seeks declaratory judgment, preliminary and permanent injunction, compensatory damages, a jury trial, costs, and any additional relief the Court deems just, proper, and equitable.

## II. STANDARD OF REVIEW

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff

3

to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Individuals Not Named as Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). These claims will therefore be dismissed without prejudice.

**(2) Failure to Protect**

The Eighth Amendment[1] prohibits punishments that "involve the unnecessary and wanton

---

[1] Because Plaintiff was a pre-trial detainee at the time of the incident, his deliberate indifference claim is properly brought under the Fourteenth Amendment rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to an arrestee's deliberate indifference claim); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment); see Lanier v. Henderson Cnty. Det. Ctr., 2016 WL 7007537 at *2, n. 3 (W.D.N.C. Nov. 29, 2016) (noting that the Supreme Court in Kingsley did not explicitly extend the objective reasonableness standard

infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987).

The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (internal quotations omitted). To obtain relief under § 1983 on a claim of failure to protect, an inmate must show: (1) he is incarcerated under conditions posing a substantial risk of serious harm; and (2) the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Farmer, 511 U.S. at 834. A prison official is "deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837). "It is not enough to prove that the official should have known of the risk; instead, 'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he should draw

---

outside the excessive force context).

the inference.'" Kartman v. Markle, 582 Fed. Appx. 151, 153 (2014) (quoting Farmer, 511 U.S. at 837). A showing of negligence does not rise to the level of deliberate indifference. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

A prison official's subjective actual knowledge can be proven through circumstantial evidence, for example, that the "substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it." Farmer, 511 U.S. at 842. Direct evidence of actual knowledge is not required. Id. A prison official cannot escape liability for deliberate indifference by showing that, "while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." Id. at 843. The question is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health… and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." Id.

However, because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment, it remains open to the officials to prove that they were unaware of an obvious risk to inmate health or safety. For example, they may show "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. 844. In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability

6

if they responded reasonably to the risk, "even if the harm was not averted" because a prison official's duty is to ensure "reasonable safety." Id. (quoting Helling v. McKinney, 509 U.S. 24, 33 (1993)). This standard "incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" Id. (quoting Spain v. Procunier, 600 F.2d 189, 193 (9th Cir. 1979) (Kennedy, J.). Absent successful rebuttal, prison officials may be held liable for obvious risks they must have known. Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015) (citing Farmer, 511 U.S. at 842).

A state official can be in a § 1983 suit in three ways: in his personal capacity, his official capacity, or in a more limited way, his supervisory capacity. King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016). For personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). In an official-capacity suit, however, "[m]ore is required:" the suit is "treated as a suit against the entity," which must then be a "'moving force' behind the deprivation," id. (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); thus, the entity's "'policy or custom' must have played a part in the violation of federal law," id. (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). Meanwhile, a supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between his inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

First, Plaintiff does not allege that Sheriff Carpenter and Officer Neal were directly involved in the incidents at issue and that, acting under color of state law, they personally deprived

Plaintiff of a federal right. Therefore, Plaintiff has failed to state a basis for personal liability against Sheriff Carpenter and Officer Neal. See, e.g., Armstrong v. City of Greensboro, 190 F.Supp.3d 450, 466 (M.D.N.C. 2016) (plaintiff failed to state an individual capacity claim against former police chief because "[m]ere allegations about the environment or generalized encouragement do not rise to the level of alleging a direct connection between [former police chief] and the constitutional violations.").

Second, Plaintiff has failed to state that the alleged constitutional deprivations occurred as a result of a policy or custom by Sheriff Carpenter or Officer Neal. Therefore, he has failed to state a basis for liability in Defendants' official capacities. See, e.g., Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984) ("Ordinarily, [a plaintiff] cannot satisfy his burden of proof by pointing to a single incident or isolated incidents."); Simmons v. Corizon Health, Inc., 136 F.Supp.3d 719, 722 (M.D.N.C. 2015) (plaintiffs failed to state an official capacity claim against sheriff because a "single, isolated incident is not sufficient to establish a policy or custom….").

Third, Plaintiff's vague and conclusory allegations are insufficient to state a claim for supervisory liability. He does not allege that Sheriff Carpenter and Officer Neal were engaging in conduct that posed a pervasive and unreasonable risk of injury, that his response to this risk was deliberately indifferent, or that there was a causal link between the inaction and Plaintiff's injury. Therefore, he has also failed to state a sufficient claim for supervisory liability against Sheriff Carpenter and Officer Neal. See, e.g., Bradshaw v. Harden, 401 Fed. Appx. 805, 806 (4th Cir. 2010) (affirming dismissal of Eighth Amendment claim against correctional center's supervisory officials where prisoner failed to allege any facts that would have put defendants on notice that the prison policy was being violated and therefore he could not show that the supervisors were deliberately indifferent to, or had tacitly authorized the conduct of, their subordinates); see also

Gandy v. Robey, 520 Fed. Appx. 134, 143 (4th Cir. 2013) (affirming summary judgment where no triable issue existed with regards to a sergeant's supervisory liability because plaintiff failed to identify what evidence, if any, she proffered to show that the sergeant's subordinates were engaged in widespread unconstitutional conduct by using lethal force under circumstances where the suspect posed no threat or that he was aware but deliberately indifferent to that conduct).

Further, Plaintiff's allegations that there was a failure to count or a lack of care in counting spoons amounts to a negligence claim which is insufficient to proceed under § 1983. See Davidson, 474 U.S. at 347-48 (negligent failure to protect an inmate "does not approach the sort of abusive government conduct that the Due Process Clause was designed to protect").

Therefore, Plaintiff has failed to state a claim upon which § 1983 relief can be granted and the Complaint will be dismissed.

**(3)** **Injunctive Relief**

A prisoner's transfer moots a § 1983 request for declaratory and injunctive relief when the conditions of which the prisoner claims are unlikely to recur. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

Plaintiff seeks declaratory judgment and asks that Defendants Carpenter and Neal be required to make Jail utensils safer to inmates, and to require double counting and logging of eating utensils.

The incidents at issue in the instant case allegedly occurred at the Lincoln County Jail. Plaintiff is presently housed at Tabor C.I. and it does not appear likely that the complained-of conditions are likely to recur. Therefore, Plaintiff's requests for preliminary and permanent

injunctive relief are dismissed as moot.[2]

### IV. CONCLUSION

For the reasons stated herein, the Complaint fails to state a claim upon which relief can be granted and is therefore dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk is directed to close this case.

Signed: December 3, 2018

Frank D. Whitney
Chief United States District Judge

---

[2] To the extent Plaintiff may be seeking injunctive relief at Tabor C.I., he does not state what that relief might be.